# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>Plaintiff,<br><br>v.<br><br>C. HUCKLEBERRY, et al.,<br><br>Defendants. | Case No. 1:19-cv-00809-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Denzell Magic Metcalf ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On October 11, 2019, the Court screened Plaintiff's complaint and directed him to either file a first amended complaint or notify the Court of his willingness to proceed on certain cognizable claims. (ECF No. 9.) Plaintiff's first amended complaint, filed on November 15, 2019, is currently before the Court for screening. (ECF No. 10)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Sergeant C. Huckleberry; (2) Correctional Officer Burkfit; (3) Correctional Officer M. Franco; and (4) Correctional Officer M. Marquez.

Plaintiff alleges: On July 3, 2018, Plaintiff attended Committee, which is a meeting between the Captain Faulkner, Counselors and Plaintiff to determine his housing conditions at Kern Valley State Prison. During this meeting, Plaintiff told Captain Faulkner that he had safety concerns with his planned housing in Kern Valley State Prison D-Yard, Building 1-4 & 5-6. Plaintiff gave Captain Faulkner the names of the inmates who posed a threat to Plaintiff's safety, but Captain Faulkner failed to conduct a proper threat assessment. Instead, Captain Faulkner told Plaintiff to speak with D-Yard Sergeant Pitchford about his situation. Plaintiff explained to Sergeant Pitchford about his situation, but Sergeant Pitchford did not properly investigate it.

Sergeant Pitchford sent Plaintiff back to his housing unit, D7.

Plaintiff asserts that a claim form was not available for him to file a complaint in a timely fashion, so he told Defendant Burkfit, the floor officer, that he had safety concerns at the facility, and he would be in conflict if he stayed on the yard. Defendant Burkfit did nothing, so Plaintiff filled out a CDCR Form 22 stating his safety concerns. Plaintiff asked Defendant Burkfit to sign the form, which he did. Plaintiff claims that this indicates Defendant Burkfit was fully aware of the imminent danger. Defendant Burkfit told Plaintiff that if he did not go that day, then they would come to get him to go on July 6, 2018.

After a few days, on July 6, 2018, Officer Sharp came to Plaintiff's cell. Officer Sharp explained that Defendant Huckleberry was out on the D-Yard patio waiting to conduct a proper threat assessment regarding Plaintiff's safety concerns. Plaintiff's cell mate, Inmate Jason Broadbent, told Plaintiff not to go and that it was a set up. Plaintiff claims that prison officials never intended to conduct a proper threat assessment regarding his safety concerns.

On July 6, 2018, Plaintiff walked out of his cell to the D-Yard patio, unhandcuffed and in full compliance. Plaintiff was greeted by Defendants Huckleberry, Marquez and Franco, who were visibly tightening their gloves around their hands. Plaintiff tried to explain his situation to Defendant Huckleberry and told him the names of the inmates. Before Plaintiff could explain why, Defendant Huckleberry ordered Defendants Marquez and Franco to handcuff Plaintiff and escort him to the yard where Plaintiff said he had safety concerns. Plaintiff asked them why there were handcuffing him and pushing him to the yard when all he did was ask for help. Defendant Huckleberry told him to shut up and walked with Defendants Franco and Marquez as they pushed and escorted Plaintiff to a yard where Plaintiff had safety concerns. Once at D6 Building, Cell 126, Plaintiff was pushed inside the cell by Defendant Franco and Plaintiff's handcuffs were removed. Plaintiff went to bang on the cell door as officers were walking away, and when Plaintiff turned around, the inmate occupying the cell pulled out a knife and stabbed Plaintiff in the face.

As relief, Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence

3

at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). Prison officials are liable under the Eighth Amendment f they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, the Court finds that Plaintiff's amended complaint states a cognizable claim for failure to protect against Defendants Huckleberry, Marquez and Franco arising out of the July 6, 2018 incident. However, Plaintiff fails to state a claim for failure to protect against Defendant Burkfit. There is no indication in Plaintiff's complaint that Defendant Burkfit knew that Plaintiff was going to be moved on July 6, 2018 to the D6 Building and failed to protect him.

**IV.     Conclusion and Recommendation**

The Court finds that Plaintiff's amended complaint states a cognizable claim against Defendants Huckleberry, Marquez and Franco for failure to protect Plaintiff in violation of the Eighth Amendment arising out of the July 6, 2018 incident. However, Plaintiff does not state any other cognizable claims against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's first amended complaint, filed on November 15, 2019, against Defendants Huckleberry, Marquez and Franco for failure to protect Plaintiff in violation of the Eighth Amendment arising out of the July 6, 2018 incident; and

2.      All other claims and defendants be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being

served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2019**     /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE