# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL METCALF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUCKLEBERRY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00809-DAD-BAM (PC)<br><br>ORDER (1) SETTING SETTLEMENT CONFERENCE, (2) REQUIRING **VIDEO** ATTENDANCE BY CERTAIN INDIVIDUALS, (3) REQUIRING SETTLEMENT CONFERENCE STATEMENT, AND (4) SETTING PRE-SETTLEMENT TELEPHONE CONFERENCE<br><br>Hearing:　**Pre-Settlement Telephone Conference**<br>Date:　　**September 18, 2020**<br>Time:　　**2:00 p.m.**<br>Judge:　　**Jeremy D. Peterson**<br><br>Hearing:　**Video (Zoom) Settlement Conference**<br>Date:　　**September 25, 2020**<br>Time:　　**10:00 a.m.**<br>Judge:　　**Jeremy D. Peterson** |

　　　　Plaintiff Denzell Metcalf ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants Huckleberry, Franco, and Marquez have answered the complaint.  (ECF No. 23.)

　　　　The court has identified this case as appropriate for post-screening alternative dispute resolution ("ADR").  Accordingly, Magistrate Judge Jeremy D. Peterson will hold a settlement conference on September 25, 2020 at 10:00 a.m. by **video conference (via Zoom)**.  The court stays

1

this action to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in the settlement conference.  The court will issue any necessary transportation order in due course.

The court expects that the parties will proceed with the settlement conference in good faith and will attempt to resolve some portion or all of the case.[1]  If any party believes that the settlement conference will not be productive, a written notice to opt out must be filed within **thirty (30) days** of the date of the issuance of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is STAYED to allow the parties an opportunity to settle their dispute before the discovery process begins.  Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  The parties shall not engage in formal discovery, but may engage in informal discovery to prepare for the settlement conference.
2. This case is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on **September 25, 2020 at 10:00 a.m.** by **video conference (via Zoom)**.  Defense counsel should contact Courtroom Deputy Kirstie Dunbar-Kari ((209) 372-8917; KDunbar-Kari@caed.uscourts.gov) for further information regarding appearing by video via Zoom.  Counsel for Defendants shall arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where the plaintiff is housed to provide the appropriate dial-in information.
3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend remotely via Zoom video conference.
4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.  The manner and timing of Plaintiff's transportation to and from the conference, if

---

[1] If the case does not settle, the Court will then lift the stay of its Discovery and Scheduling Order or issue one forthwith.

necessary for Plaintiff's appearance by video, is within the discretion of CDCR.

5. Defendants shall provide a confidential settlement statement to the following email address: **jdporders@caed.uscourts.gov**.  Plaintiff shall mail his confidential settlement statement to U.S. District Court, P.O. Box 575, Yosemite, CA 95389, and mark the envelope "Confidential Settlement Statement".  Settlement statements shall arrive no later than **September 11, 2020**.  Settlement statements **should neither be filed** on the docket **nor served on any other party**.  While brevity is appreciated, each statement must include:

   a. A brief recitation of the facts;

   b. A discussion of the strengths and weaknesses of the case, from your party's perspective, and a description of the major issues in dispute;

   c. An itemized estimate of your expected costs for further discovery, pretrial, and trial matters, expressed in terms of specific dollar amounts and lengths of time;

   d. Your best estimate of the probability that plaintiff will prevail should this case proceed to trial, in percentage terms;

   e. Your best estimate of recovery by plaintiff should this case proceed to trial and plaintiff prevail, in specific dollar terms;

   f. A history of settlement discussions (including a list of any current settlement offers from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including the amount that you would offer/accept to settle (in specific dollar terms), and a statement of your expectations for settlement discussions;

   g. A list of the individuals who will be attending the settlement on your party's behalf, including names and, if appropriate, titles; and

   h. If the parties intend to discuss at the settlement conference the potential resolution of any actions or claims not in this suit, a description of these additional actions or claims, including any case numbers.

6. If any party wishes to opt out of this settlement for the reasons stated above, the party must do so within **thirty (30) days** of this order by filing a "Notice of Opt Out and Request to Vacate Settlement Conference."

7. Magistrate Judge Jeremy D. Peterson will hold a short, pre-settlement telephonic conference on **September 18, 2020, at 2:00 p.m.** (dial-in number: 1-888-204-5984; passcode: 4446176). Only the *pro se* plaintiff and lead defense counsel should participate. Counsel for Defendants shall arrange for Plaintiff's participation by telephone conference by contacting the Litigation Coordinator at the institution where the plaintiff is housed to provide the appropriate dial-in information.

8. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated: **July 2, 2020**               /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4